[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13285
Non-Argument Calendar
_____

D.C. Docket No. 9:17-cv-80572-KAM

MICHAEL IBEZIM,

Plaintiff-Appellant,

versus

THE GEO GROUP, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 29, 2019)

Before WILSON, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Ibezim appeals from the district court's order granting summary judgment in favor of his former employer, The GEO Group, Inc. (GEO), in his lawsuit alleging race and national origin discrimination and retaliation, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a)(1), and the Florida Civil Rights Act (FCRA), Fla. Stat. § 760.10(1)(a); and interference and retaliation in violation of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2612.[1]

Ibezim, a Nigerian-American, was terminated from his employment as an administrator with GEO, a company that operates correctional facilities. He alleges that he was passed over for promotions and was pressured to transfer from one GEO facility to another to make room for a less qualified white employee; that GEO reprimanded him based on false accusations when he filed an internal complaint; that he was reprimanded and terminated following accusations of unprofessional conduct and for his involvement in employment with outside organizations, which violated company policy; and that GEO violated his FMLA rights by firing him while he was out on FMLA leave.

The district court granted summary judgment finding that Ibezim failed to establish a prima facie case of race or national origin discrimination, and that he could not establish that he was terminated for requesting FMLA leave.

---

[1] Ibezim also cited the Florida Whistleblower Act, Fla. Stat. § 448.102, in his complaint, but he has not discussed that law on appeal, so the issue is abandoned. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

We review a district court's order granting summary judgment de novo, "viewing all the evidence, and drawing all reasonable inferences, in favor of the non-moving party." *Vessels v. Atl. Indep. Sch. Sys.,* 408 F.3d 763, 767 (11th Cir. 2005) (per curiam). Summary judgment is only proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

We have read the briefs, reviewed the record, and carefully considered the district court's thorough order. Ibezim has not shown that the district court erred in granting GEO's motion for summary judgment on his discrimination and retaliation claims. Ibezim only quarrels with the wisdom of his reprimands and termination, but has not cited to sufficient evidence to establish that discrimination, rather than unmet performance expectations, was the true reason for them.

Nor has Ibezim established that the district court erred in granting summary judgment as to his FMLA claims. The record establishes that GEO had already begun the process of terminating his employment before he submitted his FMLA leave request, demonstrating that he would have been terminated even if he had not made the request.

Accordingly, the summary judgment is affirmed.

**AFFIRMED.**

3